**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LAURICE MCCURDY, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> LEROY KIRKEGARD, et al., ) <br> ) <br> Defendants. ) <br> _____) | Case No. 2:08-cv-01742-PMPJ-PAL <br><br> **ORDER** <br><br> (Mtn for Compliance - Dkt. #21) <br> (Mtn to Include - Dkt. #38) |

This matter is before the court on Plaintiff's Motion for Compliance With 28 U.S.C. § 1915 (c) and (d) (Dkt. #21) and Motion to Include Nurse Larry in Service Order (Dkt. #38). The court has considered the Motions.

Plaintiff is an inmate proceeding *in forma pauperis*. On August 10, 2009, Plaintiff filed an Amended Complaint, alleging his constitutional right to be free from cruel and unusual punishment was violated when he was a federal pretrial detainee in 2007. Plaintiff states the pretrial detention facility employees, among others, were deliberately indifferent to his medical needs after he suffered a fracture of his arm resulting from a slip and fall accident. The court screened Plaintiff's Complaint, and in an Order (Dkt. #19) entered April 9, 2010, found that Plaintiff's Complaint could proceed against a number of the named Defendants–specifically those employed by the various institutions in which Plaintiff was incarcerated. The court dismissed the remainder of Plaintiff's claims. The court directed the U.S. Marshal's Service to effect service of summons on the various Defendants.

**I.      Motion for Compliance (Dkt. #21).**

Plaintiff's Motion for Compliance (Dkt. #21) states that Plaintiff does not have the money to afford to serve summons on the Defendants and requests the court comply with 28 U.S.C. § 1915(d), which provides that "[t]he officers of the court shall issue and serve all process." The U.S. Marshal's

service has now effected service on a majority of the Defendants, with the exception of those to whom service was unable to be executed. *See, e.g.,* Dkt. ##22-36. Accordingly, Plaintiff's Motion for Compliance (Dkt. #21) will be denied as moot. Plaintiff is advised, however, that in the future, he is required to serve any motion or other filing he makes with the court upon the Defendants or their attorney(s).

## II.     Motion to Include (Dkt. #38).

Plaintiff's Motion to Include (Dkt. #38) seeks to have service of summons and the Complaint upon Defendant Nurse Larry. It appears that Nurse Larry was inadvertently left out of the court's Screening Order (Dkt. #19). Plaintiff has sued Nurse Larry in both his official and individual capacities. He alleges that after surgery was performed on his arm, his wound opened, and he was "bleeding profusely." Complaint at 14. He states that Nurse Larry arrived, looked into Plaintiff's cell door window, and without examining Plaintiff's arm, yelled loudly that "Inmate McCurdy doesn't need any medical attention for the bleeding." *Id.* Subsequently, Plaintiff's wound was examined by another nurse, who determined Plaintiff needed to see a doctor. He was returned to UMC, where the wound was stapled closed, and the bleeding stopped. *Id.* For the reasons set forth in the court's Screening Order (Dkt. #19), Plaintiff has stated a claim against Nurse Larry in his individual capacity. *See* Screening Order (Dkt. #19) at 6-10.

However, in order to state a claim against Nurse Larry in his official capacity, Plaintiff must allege Nurse Larry's conduct occurred in implementing "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or for a "governmental 'custom' even though such a custom has not received formal approval through the body's official decision[-]making channels." *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 690-91 (1978). Plaintiff must prove that any constitutional violations occurred as a result of an official policy or custom, *Monell*, 436 U.S. at 690, or through a failure to train municipal employees adequately, *City of Canton v. Harris*, 489 U.S. 378, 388-91 (1989). Plaintiff has made no such allegation, so his claim against Nurse Larry in his official capacity will be dismissed.

/ / /

/ / /

Accordingly,

**IT IS ORDERED**:

1. Plaintiff's Motion for Compliance (Dkt. #21) is DENIED AS MOOT.
2. Plaintiff's Motion to Include (Dkt. #21) is GRANTED.  The Clerk of Court shall issue Summons to Defendant Nurse Larry, and deliver the same to the U.S. Marshal for service.  Plaintiff shall have twenty days in which to furnish the U.S. Marshal with the required Form USM-285.  Within twenty days after receiving from the U.S. Marshal a copy of the Form USM-285, showing whether service has been accomplished, Plaintiff must file a notice with the court identifying whether defendant was served.  If Plaintiff wishes to have service again attempted on an unserved defendant, a motion must be filed with the court identifying the unserved defendant and specifying a more detailed name and/or address for said defendant, or whether some other manner of service should be attempted.  Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within 120 days from the date this order is entered.
3. Plaintiff's claim against Nurse Larry in his official capacity is **DISMISSED** for failure to state a claim upon which relief can be granted, with leave to amend.  Plaintiff will have thirty days from the date that this Order is entered to file his Amended Complaint, if Plaintiff believes the noted deficiencies can be corrected.

Dated this 21st day of June, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE