# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAURICE MCCURDY, | 2:08-CV-01742-PMP-PAL |
| Plaintiff, | |
| vs. | **ORDER** |
| LEROY KIRKEGARD, et al., | |
| Defendants. | |

Before the Court for consideration is Federal Defendant Aaron Fisher's Motion to Dismiss or in the Alternative Summary Judgment (Doc.#68), filed on July 22, 2010. Defendant Fisher's motion is fully briefed, and for reasons set forth therein the Court finds that Defendant Fisher is entitled to the relief requested.

Specifically, Plaintiff McCurdy alleges that Defendant Fisher failed to take McCurdy's medical needs seriously, subjected him to what Plaintiff characterizes as "diesel therapy" by transferring him from one detention facility to another, and violated Plaintiff's rights by using a "black box" restraint during the various transfers. The Court finds, however, that the factual allegations set forth in Plaintiff's Complaint fail to state a claim for relief as to Defendant Fisher which is plausible on its face and would allow the Court to draw inferences that Defendant Fisher is liable for the misconduct alleged. Moreover, nothing in the record before the Court supports a plausible finding that Defendant Fisher had any personal

involvement in making decisions where Plaintiff McCurdy would be detained or transferred, nor did Defendant Fisher have a decision making role involving Plaintiff's medical treatment.  Additionally, there being no allegations or evidentiary basis to conclude that Defendant Fisher knowingly violated a clearly established constitutional or legal right of Plaintiff McCurdy, Defendant Fisher is entitled to qualified immunity with regard to Plaintiff's civil claims.

**IT IS THEREFORE ORDERED that** Defendant Deputy United States Marshal Aaron Fisher's Motion to Dismiss or in the Alternative, Enter Summary Judgment (Doc. #68) is **GRANTED**.

DATED:  October 7, 2010.

_____
PHILIP M. PRO
United States District Judge